IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HELLER FINANCIAL LEASING,　　　　)
INC., a Delaware corporation,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　)　　No. 03 C 6326
　　　　　　　　　　　　　　　　　　)
ARTHUR E. GORDON, an individual　　)
resident of California, ROSE A.　　　　　)
GORDON, an individual resident of　　　)
California, NAN R. EISLEY BENNETT,　)
an individual resident of California, and　)
JEFFREY P. BENNETT, an　　　　　　)
individual resident of California,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　　)

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Heller Financial Leasing Inc.'s ("Heller") motion for summary judgment. For the reasons stated below, we grant Heller's motion for summary judgment.

## BACKGROUND

In August 2000, Pace, LLC ("Pace") entered into a promissory note ("Promissory Note") and Aircraft Chattel Mortgage Security Agreement with Heller under which Heller loaned Pace $18,000,000. At the same time, as inducement to Heller to make the loans and to extend credit to Pace, Defendants Arthur Gordon and

1

Rose Gordon (collectively referred to as "Gordons") each entered into a guarantee agreement ("Guarantees") with Heller. In the Guarantees, the Gordons agreed to pay Heller "on demand . . . the due and punctual payments and performance of all indebtedness of Pace to Heller." (Guarantee Par. 1). Pace defaulted on its obligation to repay Heller and the Gordons failed to honor their obligations to act as guarantors. In July 2002, Pace, Defendants, and Heller entered into a Voluntary Surrender and Transfer Agreement ("Surrender Agreement"), whereby Pace agreed to voluntarily convey title to the Aircraft to Heller. Heller brought the present action against the Defendants seeking to recover the difference between the value of the Aircraft and the $18 million due and owed to Heller pursuant to the Guarantees. Defendants' obligation for the deficiency and the amount of the deficiency are the sole issues presented by Heller's complaint. Heller now moves for summary judgment against the Gordons.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial

burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

### I. Choice of Law

In the instant action, each of the Guarantees signed by the Gordons provide the following: "This Guaranty shall be governed by and construed in accordance with the internal laws and decisions of the State of Illinois, without regard to principles of conflicts of law." (P SJ Mem. Ex C, 5)(P SJ Mem. Ex D, 5). The parties also agree in their briefs that the court should look to Illinois state law in

3

assessing the breach of contract claim. (P SJ Mem. 3)(Ans. P SJ 5). Therefore, Illinois law will govern the breach of contract claim.

## II. Breach of Contract Claim

Under Illinois law, in order to establish a breach of contract claim a plaintiff must show: "(1) an offer and acceptance; (2) consideration; (3) definite and certain terms of the contract; (4) plaintiff's performance of all required contractual conditions; (5) defendants' breach of the terms of the contract; and (6) damage resulting from the breach." *Barille v. Sears Roebuck and Co.*, 682 N.E.2d 118, 121 (Ill. App. Ct. 1997). In the instant action, Defendants concede the first three elements of the breach of contract claim and acknowledge that there was a valid contract. Defendants also concede that they breached the terms of the contract. Defendants argue that there are genuinely disputed facts regarding whether Heller performed its contractual obligations, and whether Heller suffered any damages as a result of the alleged breach. (Ans. P SJ 5).

### A. Whether Heller Performed its Contractual Obligations Under Guarantees

Defendants argue that Heller did not perform its contractual obligations and therefore cannot demand performance from Defendants. Defendants claim that Heller "had numerous contractual obligations to Defendants under the Surrender Agreement" and that Heller "fails to even identify the relevant contractual obligations, much less identify facts suggesting that [Heller] complied with them." (Ans. P SJ 9). Defendants further argue that Heller "misleadingly has pointed only

4

to contractual obligations in the Guarantees, while completely ignoring its contractual obligations under the Surrender Agreement." (Ans. P SJ 9). There is a good reason why Heller did not waste time in its motion for summary judgment showing that it complied with the Surrender Agreement. The Surrender Agreement is not the basis for the breach of contract claim brought against the Gordons in the instant action. Rather, the Guarantees are the basis of the instant action and any relevant performance of obligations on Heller's part relates to the Guarantees instead of the Surrender Agreement.

The Guarantees and the Surrender Agreements are completely separate documents. (P SJ Mem. Ex. C, D, E). The Guarantees were signed on August 25, 2000, whereas the surrender agreement was signed on July 31, 2002. (P SJ Mem. Ex C, D, E). The Guarantees also state that "[t]his is an absolute, *unconditional* and continuing guaranty. . . ." (P SJ Mem. Ex. C, 1) (P SJ Mem. Ex. D, 1)(emphasis added). The Guarantees provide in part that Heller was obligated to "make loans or advances, or extend credit or financial accommodations to Pace, LLC. . . ." (P SJ Mem. Ex. C, 1) (P SJ Mem. Ex. D, 1). There is not sufficient evidence presented by Defendants that would enable a reasonable trier of fact to conclude that Heller failed to perform that obligation or any other obligation listed in the Guarantees.

In addition, there is no provision in the Guarantees that required Heller to perform its obligations owed under the Surrender Agreement, or any provision in the Guarantees that relieves Defendants of their obligations under the Guarantees if Heller failed to perform its obligations under the Surrender Agreement. The Surrender Agreement also specifically acknowledges that there are independent

duties under the then-existing Guarantees, stating:

> Borrower and Guarantors hereby acknowledge and reaffirm that : . . .The Note, Aircraft Mortgage and Guarantees constitute legal, valid and binding obligations enforceable in accordance with their terms by Lender against Borrower. Borrower and Guarantors expressly reaffirm each of their obligations under the Note, Aircraft Mortgage and Guarantees including, without limitation, the Indebtedness. Borrower and Guarantors also agree that they shall not dispute the validity or enforecability of the Note, Aircraft Mortgage and Guarantees not any of their respective obligations thereunder. . . .

(P SJ Mem. Ex. E, Par. 5(d)). Therefore, no reasonable trier of fact could conclude that Heller had not performed its contractual obligations owed under the Guarantees. In turn, the Gordons, who have admitted to failing to meet their obligations under the Guarantees, now stand before the court without sufficient justification for their glaring lack of performance.

We also note that, regardless of the fact that Heller's obligations under the Surrender Agreement are irrelevant, Defendants have not pointed to sufficient evidence for a reasonable trier of fact to conclude that Heller breached any of its obligations under the Surrender Agreement or to conclude that Heller's conduct was not commercially reasonable.

### B. Whether Heller Suffered Damages

Defendants also argue that there is not sufficient evidence that shows that Heller suffered any damages as a result of Defendants' admitted breach of their contractual obligations owed under the Guarantees. Defendants argue that Heller cannot prove any damages because of Heller's alleged discovery violations.

6

Defendants contend that Heller has repeatedly engaged in discovery violations. We do not agree. We have not found any conduct by Heller to be sanctionable and have not found that Heller has continually committed discovery violations as Defendants indicate in their answer to the motion for summary judgment. Although our prior rulings concerning discovery might impact Heller's ability to establish certain amounts of damages, nothing in any of our prior rulings concerning discovery matters would preclude Heller from being able to establish that it has suffered at least some damages. Also, even if there were discovery violations by Heller, such violations do not mean that Heller could not prove any damages based on the Guarantees.

Defendants admit pursuant to Local Rule 56.1 that Heller loaned $18 million to Pace, that Pace did not repay the loan, and that Defendants have refused to act as guarantors and repay the loan. ( R SF 10-13). Defendants also admit that the Surrender Agreement only operated to "partially satisfy the amount of the loan." (Ans. P SJ 3). Thus, based upon the undisputed facts in this action, Heller can show that it has suffered at least some damages. Heller has also presented other evidence of damages as well. Therefore, no reasonable trier of fact could conclude that Heller has not shown that it suffered damages.

The mere fact that Heller may or may not have difficulty proving the precise amount of damages is a separate issue. As is indicated in the above elements for a breach of contract claim, plaintiff must show "damage resulting from the breach," but a plaintiff is not required to show a specific amount of damage resulting from the breach. *Barille*, 682 N.E.2d at 121. Defendants themselves cite *Barille*, which

makes this point clear. *Id.*; (Ans. P SJ 5). Although it is a plaintiff's burden to establish that he sustained damages and "a reasonable basis for computation of those damages," if a plaintiff "establishes entitlement to damages, yet fails to establish a proper basis from which those damages can be computed, the [plaintiff] is entitled only to nominal damages." *Schoeneweis v. Herrin*, 443 N.E.2d 36, 42 (Ill. App. Ct. 1982). Thus, in the instant action, Heller would be entitled to at least nominal damages on its breach of contract claim. Therefore, based on all of the above analysis, we grant Heller's motion for summary judgment against the Gordons. Heller is given until November 17, 2005, to file a brief concerning the specific amount of damages sought, including all fees and costs that Heller believes that it is entitled to under the terms of the Guarantees. Defendants are given until December 1, 2005, to file an answer and the reply will be due on December 8, 2005. The court will issue a ruling regarding the specific amount of damages awarded by mail.

## CONCLUSION

Based on the foregoing analysis, we grant Heller's motion for summary judgment against the Gordons.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 19, 2005

8